**Bruce and Tammy FURMAN v. ROWE REAL ESTATE and Fred Rowe**

[715 A.2d 1290]

No. 97-190

July 27, 1998. A jury found defendants

liable for negligent misrepresentation, but not common law or consumer fraud, with respect to a real estate transaction. Plaintiffs claim the trial court erred by (1) denying their motion for partial summary judgment (2) excluding relevant, non-hearsay evidence, (3) admitting hearsay evidence, and (4) improperly instructing the jury. We affirm.

This case concerns a real estate transaction involving a house with a very strong dog odor. Plaintiffs are Bruce and Tammy Furman (buyers). Defendants are a real estate agency, Rowe Real Estate, and a realtor/co-owner of said agency, Fred Rowe (Realtor). The subject property is a residence in Brandon, Vermont which, prior to the present disputed transaction, was owned by Mr. and Mrs. Muthersbaugh (sellers). Realtor had an exclusive listing agreement with sellers to assist in the sale of their home.

In the Fall of 1993, buyers, who were then living in California, telephoned Realtor and conveyed their desire to move to Vermont. In response, Realtor sent buyers listing information on several houses. Buyers expressed particular interest in sellers' home and had numerous conversations with Realtor regarding this property. Although the parties offered conflicting testimony, it was undisputed that Realtor informed buyers, at a minimum, that the house had a "dog smell."

Buyers did not travel to Vermont to inspect the subject property. Instead, they negotiated a contract over the telephone. In November 1993, the contract was signed and returned to Realtor along with a $17,000 check made payable to sellers, which was cashed shortly thereafter. Paragraph #7 of the contract stated, "Contract Deposit to be held by: See #10." Paragraph #10 of the contract stated:

> Buyer to pay $17,000.00 to seller for *a one year option* to purchase home. This deposit is *non-refundable*. This $17,000.00 deposit shall be credited toward the purchase price.

On December 10, 1993, buyers arrived in Vermont and went to Realtor's office to obtain a key to the house. Realtor gave buyers the key as well as a can of air-freshener. Buyers drove to the house and, upon entry, encountered the strong smell of dog urine. Buyers immediately complained to Realtor and demanded their money back. Ultimately, sellers contracted and paid for remediation work, including professional cleaning and installation of new carpeting and linoleum floors. Meanwhile, buyers stayed in a motel and sellers abated their entire first month's rent. A few weeks later, when the remediation work was complete, buyers moved into the house.

Buyers remained in the house without incident or complaint for eleven months. The deadline for buyers' right to exercise their option to purchase the house was December 10, 1994. When that date approached, buyers applied for financing with the First Brandon National Bank. The bank, however, rejected their application due to buyers' poor credit history.

After their financing application was rejected, and shortly before the purchase option deadline was to expire, buyers informed sellers and Realtor that the house was "uninhabitable" and that they would not go through with the closing.

Buyers vacated the property in December 1994. Immediately thereafter, the sellers put the house back on the market and, in less than one month, another buyer had signed a purchase and sale contract on the property. The second buyer, a local building contractor, testified that at no time did he smell any pet odor in the house. In May of 1995, the house was sold to its current owner, who never detected an animal odor in the house.

In June 1995, buyers filed suit against defendants for negligent misrepresentation and consumer fraud, alleging that,

despite subsequent remediation efforts, the house was "uninhabitable." In December 1996, buyers filed a motion for summary judgment claiming that Realtor (1) improperly directed them to make their $17,000 purchase option check payable to sellers, (2) wrongfully represented to them that the purchase option monies were "non-refundable," and (3) violated applicable law by not placing the monies in an escrow account until closing. The trial court denied buyers' motion for summary judgment.

After a three-day trial, a jury found that Realtor had made a negligent misrepresentation to buyers, but that buyers had suffered no damages and that, in any event, buyers' own negligence was 85% compared to only 15% on defendants' part. The jury found defendants not liable for common law fraud or consumer fraud. The trial court entered judgment for defendants and subsequently denied buyers' motion for a new trial. This appeal followed.

We do not find it necessary to reach the merits of buyers' claims of error because buyers have failed to prove that they suffered any damages. Special interrogatories were submitted to the jury to determine liability and damages, if any. The jury found that defendants were liable for negligent misrepresentation but rendered a verdict in favor of defendants because buyers were more negligent than defendants in failing to inspect the subject property prior to signing the contract. The jury also determined that buyers failed to prove damages. With regard to damages, buyers contend on appeal that the jury never actually considered the issue of damages because the jury found that buyers were 85% liable whereas defendants were only 15% liable, and, consequently, buyers could not have recovered at all under a comparative theory of negligence. We disagree.

As we have explained previously, the use of special interrogatories is encouraged "where a case is complex because of multiple overlapping theories of liability." *Hartnett v. Union Mut. Fire Ins. Co.*, 153 Vt. 152, 158, 569 A.2d 486, 489-90 (1989). Moreover, "[w]e similarly encourage use of special interrogatories in cases like this to avoid a need for complete retrial where a case involves a single, severable issue to be resolved ultimately on appeal." *Id.* at 158, 569 A.2d at 490. Use of the special verdict form in this case reflects these policies.

At trial, buyers asserted three theories of liability: negligent misrepresentation, consumer fraud, and common law fraud. Accordingly, the first three interrogatories address defendants' liability under these three theories. The next three interrogatories relate to damages proven by buyers under each theory of liability. The jury found that no damages were proven. It was not until after the jury assessed damages that they were then instructed to determine buyers' own negligence (interrogatory seven) and then compare the respective negligence of buyers and defendants (interrogatory eight).

Thus, we conclude that, given the purpose of the special verdict form generally, coupled with the structure and order of the interrogatories submitted here, confirms that the jury's assessment of damages was prior to and distinct from consideration of whether buyers were entitled to recover under a comparative theory of negligence.

Our interpretation of the special interrogatories here is further corroborated by a review of the record. Buyers were given the opportunity to develop evidence regarding damages in the proceedings below; however, evidence of damages allegedly suffered is virtually nonexistent. The undisputed facts are that, even if the house was permeated by an overwhelming odor of dog urine at the time buyers first arrived from California, sellers subsequently contracted and paid for exten-

sive remediation work and abated the first month's rent. Buyers then moved into the house, lived there for nearly eleven months without complaint, and ultimately applied for financing with the objective of purchasing the subject property.

In light of these facts, the jury's finding of no damages is entirely reasonable. If there was any doubt about the plain meaning of the interrogatories and answers, buyers failed to seek clarification at the time of the jury's verdict and cannot be heard to complain on appeal. See *Silva v. Stevens*, 156 Vt. 94, 109-10, 589 A.2d 852, 861 (1991).

*Affirmed.*